# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF ILLINOIS *ex rel.* JAMES YOUN, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> KEITH D. SKLAR, individually, and FOOT FIRST PODIATRY, <br><br> Defendants. | Case No. 10 C 5583 <br><br> Judge Sharon Coleman <br> Magistrate Judge Schenkier |

## BLUE CROSS BLUE SHIELD PROTECTIVE ORDER

The discovery to be conducted in the above-captioned case (the "Action") may require Relator Dr. James Youn ("Relator") and Defendants Keith D. Sklar and Foot First Podiatry ("Defendants") to disclose confidential or sensitive information, including Protected Health Information ("PHI") received from Blue Cross Blue Shield or a related entity. Accordingly, to expedite the flow of discovery material from Blue Cross Blue Shield and between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect PHI, and ensure that protection is afforded to protected material, the parties hereby stipulate to the following protective order pursuant to Federal Rule of Civil Procedure 26(c) and subject to the approval of this Court (the "BCBS Protective Order"):

1. **Definitions.** As used in this BCBS Protective Order, these terms have the following meanings:

    a. "BCBS" means Blue Cross Blue Shield, Healthcare Services Corporation, or any related entity, successor, agent, or assignee.

    b. "HIPAA" means the Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 & 42 U.S.C. (2003).

c. "PHI" means protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 & 164 (2003). Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

d. "Privacy Standards" means the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164 (2003).

e. "Confidential Health Information" means PHI and any and all applicable state and federal privacy laws. Such information includes but is not limited to: health information that identifies an individual or contains information that could be used to identify an individual relating to the past, present or future mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.

f. "Covered Entities" means those entities defined by 45 C.F.R. § 160.103 (2003).

g. "Producing Party" shall mean a Party, Third Party, or deponent to the Action that produces documents or information, including, but not limited to, answers to interrogatories, responses to requests for production of documents, answers to requests for admissions, experts' reports or statements, documents, responses to subpoenas, or testimony in the Action.

h. "Receiving Party" or "Receiving Parties" shall mean a Party or Third Party who receives Materials from a Producing Party, which may or may not constitute or be designated as "Confidential Information," "Highly Confidential: Attorneys' Eyes Only Information," or "Confidential Health Information."

i. "Third Party" or "Third Parties" shall mean any natural person(s), partnership(s), corporation(s), association(s), or other legal entity(ies) not named as a Party to the Action, including individuals deposed in the Action, whether willingly or under subpoena.

j. "Signatories" means all parties to this litigation, their attorneys, and all non-parties that a court may subsequently recognize as a signatory of this qualified protective order.

k. "Highly Confidential: Attorneys' Eyes Only Information" shall mean any type or classification of information that (i) contains highly sensitive non-public business information that a Producing Party believes in good faith may compromise and/or jeopardize the Producing Party's business interests if such information were disclosed to the members, managers, employees, non-litigation agents or non-litigation consultants of the Receiving Party to which such information is

produced; (ii) designation shall act as an express certification by the producing party that the materials meet the criteria of this subparagraph for designation and (iii) is designated as such by the Producing Party. Further, a producing party that designates materials as "Highly Confidential: Attorneys' Eyes Only", shall not make that designation as a blanket designation, but shall review and designate such materials to the minimum extent necessary. A document designated "Highly Confidential: Attorneys' Eyes Only Information" might also contain Confidential Health Information and accordingly the document and its contents should be treated with the protections granted to both documents designated as "Highly Confidential: Attorneys' Eyes Only Information" and "Confidential Health Information".

l. "Confidential Information" shall mean any type or classification of information that is designated as such by the Producing Party. "Confidential Information" is any so-designated document, thing, material, testimony, or other derived information that is, includes or constitutes information which the Producing Party has a good faith basis for contending (1) is not in the public domain (i.e., not generally known and not reasonably ascertainable by proper means), and (2) contains any trade secret or other confidential research, , personnel, development, business plans or commercial information. A document designated "Confidential Information" might also contain Confidential Health Information and accordingly the document and its contents should be treated with the protections granted to both documents designated as "Confidential Information" and "Confidential Health Information".

m. "Designated Information" shall refer to and include information marked as Confidential Health Information, Highly Confidential: Attorneys' Eyes Only Information and Confidential Information.

2. **BCBS Protective Order Limited to BCBS Prospective Production.** The date that the BCBS Protective Order is entered by the Magistrate Judge shall constitute the date of the BCBS Protective Order's effectiveness. The BCBS Protective Order shall be purely prospective, affecting only production after the date of the BCBS Protective Order's effectiveness, and will not alter or change the existing Qualified HIPAA Protective Order. As well, this order is limited to only BCBS's production, and shall not affect the production of any other entity or party.

3. **Use of Designated Information Restricted.** The Parties recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit Confidential Health Information of current and future parties, third-parties, and non-parties to

3

other parties, third-parties, and non-parties and their attorneys and representatives. Any disclosure of Designated Information under the terms of this BCBS Protective Order is intended only to facilitate the prosecution or defense of the Action. All Designated Information shall be used solely for the preparation and trial of the Action, settlement discussions, negotiations or any other form of alternative dispute resolution of the Action, or any appeals of the Action, unless otherwise agreed to, in writing, by the Producing Party, or directed by a court of competent jurisdiction.

Documents designated as Highly Confidential: Attorneys' Eyes Only Information pursuant to this BCBS Protective Order may be disclosed to only: Outside Counsel of record in this proceeding ; consultants or experts retained for the purpose of this litigation; the Court and persons assisting the Court or assisting in the action (including, but not limited to, Court personnel, court reporters, stenographic reporters and videographers); any other persons agreed to by the parties or pursuant to court order, provided such persons agree to be bound by the terms of this Protective Order. Further, Documents designated as Highly Confidential: Attorneys' Eyes Only Information or AEO pursuant to this BCBS Protective Order shall be used only for the purposes of this litigation and shall not be publicized, revealed, or otherwise made available to any person other than those listed in this Paragraph.

4. **Production of Designated Information**. Notwithstanding federal or state law that may limit the authority or ability of the Signatories and Covered Entities to disclose Designated Information, the Signatories and Covered Entities are permitted to release in this litigation all Designated Information, so designated, in their possession in response to a subpoena, discovery request or other lawful process, provided that the Designated Information is relevant to the issues presented in this litigation.

5. **Designation Of Information.** Materials shall be designated as "Confidential Health Information" by stamping "CONFIDENTIAL HEALTH INFORMATION," respectively, on each page of the Material(s). In the case of the production of a native file, inclusion of "CONFIDENTIAL HEALTH INFORMATION" in the file name will serve to designate the file and its contents accordingly. In the case of any designation by a Producing Party, such designation shall be made prior to the production of the document or discovery response. Such designations may be made by the producing party, by direction to any copy service used by the parties or to any party making his or its own copies to stamp the "CONFIDENTIAL HEALTH INFORMATION" mark on each page which is reproduced, scanned or copied. For non-written material, such as recordings, magnetic media, floppy disks, CD-ROMs, photographs, and other tangible items, information shall be designated by stamping "CONFIDENTIAL HEALTH INFORMATION" to the Material or to a container for that Material, in any suitable manner. Documents produced electronically in a PDF or TIFF or similar format shall bear the legend "CONFIDENTIAL HEALTH INFORMATION" on each PDF or TIFF image. If any Party prints Confidential Health Information contained on non-written Material, such Party will mark all such printouts by stamping "CONFIDENTIAL HEALTH INFORMATION," as applicable, on each page of the printout to the extent practicable.

Information may be designated as "Confidential Information" or "Highly Confidential: Attorneys' Eyes Only Information" under this section whether such information be revealed during a deposition, contained in a document, or contained in any pleading, including, without limitation, interrogatory answers, responses to requests for admissions, briefs, or other papers prepared in connection with this litigation. The Producing Party may designate a Document as Confidential Information by clearly stamping, labeling, marking or otherwise identifying the

Document as "Confidential Information" at the time the Document is produced. The Producing Party may designate a Document as Highly Confidential: Attorneys' Eyes Only Information by clearly stamping, labeling, marking or otherwise identifying the Document as "Highly Confidential: Attorneys' Eyes Only Information" or "AEO" at the time the Document is produced. With respect to electronic data or information, the notation "Confidential Information", "Highly Confidential: Attorneys' Eyes Only Information", or "AEO" shall be plainly marked on a label affixed to the disk, tape, or other medium on which the information is transmitted or stored. In the case of the production of a native file, inclusion of "Confidential Information", or "Highly Confidential: Attorneys' Eyes Only Information" or "AEO" in the file name will serve to designate the file and its contents accordingly.

If a document contains Confidential Health Information, but has been designated as "Confidential Information" or "Highly Confidential: Attorneys' Eyes Only Information", that document must be treated with the same protections pursuant to this BCBS Protective Order as any document designated as "Confidential Health Information", in addition to being treated with the protections pursuant to this BCBS Protective Order granted to documents designated as "Confidential Information" or "Highly Confidential: Attorneys' Eyes Only Information", as the document is accordingly designated.

For transcripts of depositions or other sworn testimony, counsel shall state on the record at the time of the testimony or in written notice served on all Parties within thirty (30) days of receipt of the transcript which portions of the testimony it deems Confidential Health Information, n. If such designation is made during an ongoing deposition, those portions of said deposition involving Designated Information will be taken with no one present except the court reporter and/or videographer, as well as those persons who are authorized to have access to the

Designated Information as provided in this Stipulated Protective Order. If no designation is made on the record during said deposition, any Party (and if the deposition is of a Third Party, any Third Party) shall have thirty (30) days following receipt of the deposition transcript to make any designation of Confidential Health Information. The legend "CONFIDENTIAL HEALTH INFORMATION" shall be affixed to the cover page and the designated pages of the transcript. The Court Reporter or other person recording the testimony shall segregate any designated portions of the transcript, and may furnish copies of these segregated portions, in a sealed envelope, only to the witness as required by law, the Court, and litigation counsel of record for the Parties.

6. **Effect Of Designation.** The designation of Materials as Confidential Health Information, Confidential Information or Highly Confidential: Attorneys' Eyes Only Information shall constitute an express certification that an attorney believes there is a valid basis for such designation. The designation of Materials shall not be construed as an admission that such Materials are relevant or material to any issues in the Action.

7. **Filing Designated Information With The Court.** If a Party wishes to file Material that has been designated as Confidential Health Information, Confidential Information or Highly Confidential: Attorneys' Eyes Only Information, or if a Party wishes to describe, quote or refer to information so designated in a memorandum or other filing, the submitting party must file and serve a Motion for a Restricting Order pursuant to the provisions of N.D. Ill. L.R. 26.2, or any other statute, rule or regulation then in effect regarding sealing or restricting procedures. Pursuant to N.D. Ill. L.R. 26.2, the submitting party must file the Motion for a Restricting Order prior to filing with the Court Materials that have been designated as Confidential Health Information, Confidential Information or Highly Confidential: Attorneys' Eyes Only Information

under the terms of this BCBS Protective Order. No submitting party shall file Materials that have been designated as Confidential Health Information, Confidential Information, or Highly Confidential: Attorneys' Eyes Only Information with the Court prior to receiving a ruling on its Motion for a Restricting Order. To the extent a Restricting Order is issued, any subsequent filing of Designated Information must be pursuant to the terms and limitations prescribed by the Court in its Restricting Order.

8. **Inadvertent Failure To Properly Designate.** Any failure to designate Materials shall not be deemed a waiver of confidentiality and may be corrected by providing written notice to all Receiving Parties. The Receiving Party shall exercise reasonable efforts to ensure any newly Designated Information is used in accordance with and by those authorized by this BCBS Protective Order. Upon the affirmative designation of Material(s) pursuant to this Paragraph, the Receiving Party must, at the Receiving Party's option, either mark the originals and all copies of any Material(s) previously undesignated with the appropriate, affirmative designation, or must return the originals and all copies of the previously undesignated Material(s) to the Producing Party upon receipt of replacement copies with the appropriate, affirmative designation.

9. **Production of Work-Product or Privileged Information.** The production of any discovery material governed by this BCBS Protective Order shall be without prejudice to any claim by the producing party that such material is work-product or otherwise privileged, and no producing party shall be held to have waived any of its rights by such production. If, after discovery material is produced, a producing party discovers that it has inadvertently produced discovery material which it believes is work-product or otherwise privileged, promptly upon the discovery of the inadvertent production it shall so notify the receiving party in writing, and the receiving party shall take reasonable steps to ensure that all known copies of such discovery

material are returned promptly to the producing party. If data or information has been extracted from a document which is subsequently returned, to the extent possible, the information and/or data will be expunged and not used. However, to the extent that, prior to being notified of the inadvertent production, the receiving party uses in good faith such information and/or data in documents filed with this Court, the receiving party will have no obligation to expunge such information and/or data from, or otherwise to alter, any such documents filed with the Court or the transcript of any such deposition. After the return of the documents, claims of work-product, privilege and confidentiality may be submitted pursuant to further order of the Court for determination. That determination shall be made without regard to the fact that such discovery material has been produced.

10. **Challenges To Designations Of Information.** Any Party [or interested member of the public] *SJS 04/25/16* may request a change in the designation of any Designated Information materials. Such a request must be in writing and must provide the basis for the request. Any such Designated Information shall be treated as so designated until the change is agreed to in writing by the Producing Party. If the Parties [or member(s) of the public] *SJS 04/25/16* are unable to resolve a request to change a designation, the Party [or member(s) of the public] *SJS 04/25/16* seeking the change may move the Court for appropriate relief. The designating Party will bear the burden of justifying its designation. Unless and until a Court ruling is obtained on the designation, or the Parties [or member(s) of the public] *SJS 04/25/16* agree otherwise, the Designated Information shall be treated as it is designated.

11. **Handling Of Designated Information.** A Receiving Party in possession of Designated Information shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such information to ensure that their confidential nature is maintained. A Receiving Party shall not, directly or indirectly, transfer, disclose, or communicate in any way the Designated Information or its contents to any person other than those specified in Paragraph

9

12, below, with respect to Confidential Health Information and as specified in paragraph 3 of this BCBS Protective Order with respect to Confidential Information and Highly Confidential: Attorneys' Eyes Only Information.

12. **Permitted Disclosure Of Designated Information other than Materials Marked "Highly Confidential: Attorneys' Eyes Only.** A Producing Party may disclose Designated Information other than Materials Marked "Highly Confidential: Attorneys' Eyes Only as follows, and further, such information shall be disclosed without redaction or modification:

   a. To the Receiving Party;

   b. To the parties in the litigation;

   c. To the Court, including associated personnel necessary to assist the Court in its function, pursuant to the procedures outlined in this BCBS Protective Order, and the jury;

   d. To litigation counsel, including regular, temporary, contract or other associated personnel necessary to assist litigation counsel in the Action, such as consulting counsel, litigation assistants, paralegals, and secretarial or other clerical personnel;

   e. To litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Receiving Party or its counsel for the purpose of assisting the Receiving Party in the Action;

   f. Subject to certain exceptions stated below, to experts or consultants and witnesses including associated personnel necessary to assist such persons in the Action, such as litigation assistants, paralegals, secretarial or other clerical personnel, in accordance with the terms that follow in Paragraph 12 , below;

   g. To any mediator, arbitrator, referee or other person agreed to by the Parties or appointed by the Court to facilitate a possible resolution of the Action or any issues in connection therewith;

   h. To employees, officers, and directors of the Producing Party;

   i. To any person reflected as an author, addressee or recipient of the Materials being disclosed or any person who received the Materials in the ordinary course of business;

j.  To any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto; and

k.  To in-house counsel of any Receiving Party.

This Paragraph in no way limits a Producing Party's use or disclosure of its own documents or information, regardless of whether such documents or information are designated as Confidential Health Information.

13. **Disclosure Of Designated Information To Experts, Consultants, And Third-Party Witnesses.** Prior to disclosure of Designated Information by any Party or its attorney to any Third-Party witness, or to any authorized expert or consultant identified in Paragraphs 3 and 12, above, any such person shall be informed of the existence of this BCBS Protective Order and provided with a copy to read.

14. **Disclosure Of Designated Information To The Court.** The parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order. Documents containing confidential information shall NOT be filed with the Clerk of Court. Documents requiring the court's review shall be submitted to chambers in camera in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. After the court's review, the in camera items will be returned by the court to the producing party who shall maintain the submission intact for any further review. A redacted copy of the pleading shall be filed with the Clerk of Court for the record. Disclosure of any portion of the transcript of a deposition which reflects or contains "Designated Information" designated documents or information, shall be subject to the terms and conditions of this Protective Order and filed under seal.

15. **Disclosure Of Designated Information In Open Court.** Any Designated Information may be used during any hearing in this cause, provided that if used as an exhibit during any hearing, it shall be retained under seal by the Court and be subject to the terms of this Protective Order. With respect to testimony elicited during hearings and other such proceedings, prior to such disclosure, counsel may designate on the record that the disclosure is confidential and subject to the terms of this Protective Order. The Court can address any further issues regarding presentation of "Designated Information" in advance of any hearing, which may include that any presentation of "Designated Information" to the Court shall be made in the presence of only the Judge and other Court personnel, an authorized court reporter, counsel for the parties, witnesses to be called at any hearing or trial, and such other persons to whom disclosure of "Designated Information" material is permitted under the terms of this Protective Order, as well as advising all Court personnel, witnesses and court reporters of the highly confidential nature of the information, and of their duty to maintain the confidentiality of such information.

16. **Modification Of The BCBS Protective Order.** Any Party may apply to the Court for a modification of this BCBS Protective Order. There is nothing in this BCBS Protective Order that shall be construed to prevent a Party from seeking such further terms enhancing or limiting confidentiality, as may be appropriate.

17. **Subpoena Or Court Order Compelling Disclosure Of Confidential Information.** If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Information in the Action, the Receiving Party must immediately: (a) notify the designating Party, in writing, of the subpoena or order and include a copy of the subpoena or order with the notification; (b) inform the Party that caused the subpoena or order to

issue, in writing, that some or all of the Materials covered by the subpoena or order are subject to this BCBS Protective Order; (c) deliver a copy of this BCBS Protective Order to the Party that caused the subpoena or order to issue; and (d) in the absence of an existing court order, continue to abide by the terms of this BCBS Protective Order until ordered to disclose the Designated Information by a court of competent jurisdiction. The purpose of these duties is to alert interested parties of the existence of this BCBS Protective Order and to afford the designating Party an opportunity to seek protection for its Designated Information in the court from which the subpoena or order issued. The Party seeking to enforce the designation shall bear the burden and expense of seeking protection in that court. Nothing in this Paragraph should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from this or any other court.

18. **Return Or Destruction Of Designated Information Upon Termination Of The Action.** All provisions of this Order restricting the communication or use of Designated Information shall continue to be binding after the conclusion of the Action, unless otherwise agreed or ordered. Upon conclusion of the Action, a Party in possession of Designated Information shall, in its own discretion, either: (a) return such Materials to counsel for the Producing Party later than ninety (90) days following the conclusion of this Action and all appeals and certify in writing within thirty (30) days following the return of the Materials that all Materials, have been returned; or (b) destroy such Materials, within ninety (90) days following the conclusion of this Action and all appeals and certify in writing within thirty (30) days following the destruction that the Materials. However, if necessary, the parties may retain a copy of any and all Designated Information to comply with insurance requirements, to protect the parties in malpractice proceedings or other similar requirements.

18. **Specific Authorization to Disclose.**

**Interrogatories, Requests for Production, Requests for Copies & Expert Communications**

In addition to the foregoing and to the extent it is not already contained herein, pursuant to 45 C.F.R. §164.512 (e) (1) (I) and for purposes of compliance with HIPAA, the attorneys, employees, agents, and designees of each party or party's legal counsel in this case are expressly and specifically AUTHORIZED and ORDERED to disclose and provide requested PHI to:

a) respond to valid Requests for Production or Interrogatories served pursuant to the Federal Rules of Civil Procedure in the above-styled claim or litigation seeking protected health information;

b) respond to valid and timely Requests for Copies in the above-styled claim or litigation for production of documents and things without deposition concerning protected health information; and

c) respond to each one of a party's own expert (s) who requests, either orally or in writing, protected health information for purposes of reviewing the above-styled claim or litigation in whole or in part, whether the expert is considered retained for compensation or non-retained,

In compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, the authorization and order set forth in this paragraph expressly includes protected health information concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases if so requested. The command of the Court in this paragraph is a separate authorization for use or disclosure of protected health information that is in addition to, and potentially inclusive of, the use and disclosures authorized under the Protective Order set forth above.

**Depositions**

In addition to the foregoing, pursuant to 45 C.F.R. §164.512 (e) (1) (I) and for purposes of compliance with HIPAA, each deponent duly noticed for deposition in the above-style litigation, including but not limited to a party, a fact witness, a records custodian, an expert, a treater, or a health care provider of any type, is expressly and specially AUTHORIZED and ORDERED to use or to disclose to the attorneys, employees, agents, and designees of each party or each party's legal counsel in this case the protected health information of a party that is responsive to deposition questions or a valid duces tecum at such duly noticed deposition with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, the authorization and order set forth in this paragraph expressly includes protected health information concerning psychological and mental records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases. The command of the Court in this paragraph is a separate authorization for use or disclosure of protected health information that is in addition to, and potentially inclusive of, the use and disclosures authorized under the BCBS Protective Order set forth above.

### Judicial Proceedings

In addition to the foregoing, pursuant to 45 C.F.R. §164.512 (e) (1) (i) and for purposes of compliance with HIPAA, without waiver of any right to prepayment of costs, fees, and expenses or any other appropriate objection or privilege that may be timely asserted, all witnesses duly appearing at, or subpoenaed for, any judicial proceeding related to this litigation, including but not limited to trial, are specifically and expressly AUTHORIZED and ORDERED to use and disclose the PHI of a party at such judicial proceeding. In compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, the authorizations and order set forth in this paragraph expressly includes protected health information concerning

psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases. The command of the Court in this paragraph is a separate authorization for use or disclosure of protected health information that is in addition to, and potentially inclusive of, the use and disclosures authorized under the BCBS Protective Order set forth above.

### Court Reporter, Photocopying & Other Designated Service Providers of a Party

In addition to the foregoing, pursuant to 45 C.F.R. §164.512 (e) (1) (I) and for purposes of compliance with HIPAA, any person or entity authorized or ordered above to use or disclose PHI is expressly and specifically AUTHORIZED and ORDERED to do so with, to, or before any court reporter service, videography service, translation service, photocopy service, document management service, records management service, graphics service or other such litigation service, designated by a party or a party's legal counsel in this case. The protections and requirements above specifically apply to any such service so designated. Each party or the party's legal counsel is charged with giving notice of the obligations imposed by this Order to any such service the party or counsel so designates, and is further charged with obtaining advance consent of such service to comply fully with this paragraph. Upon such consent, the service will be deemed to have voluntarily submitted to the Court's jurisdiction during the pendency of this litigation for purposes of enforcement of this paragraph, including but not limited to the imposition of such sanctions, monetary or otherwise, as may be appropriate for any non-compliance.

### Limitations in Accord with 45 C.F.R. 164.502(b) and 164.514(d)

16

When using or disclosing PHI or when requesting PHI from a covered entity the Signatories must make reasonable efforts to limit the PHI requested or used to the minimum necessary to accomplish the intended purpose of the use, disclosure or request.

19. **Purpose Of The** BCBS **Protective Order**. With respect to Confidential Health Information, this Protective Order shall constitute a "Qualified Health Insurance Portability and Accountability Act [HIPAA] Protective Order" under the regulations of HIPAA governing the dissemination of "protected health information" ("PHI") PHI shall mean "individually identifiable health information" which the HIPAA regulations, 45 C.F.R. § 160.103, define as information that is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse;" and "relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present or future payment for the provision of health care to an individual and (i) that identifies the individual; or (ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual. Through this Protective Order, the parties agree that with respect to PHI, the parties are to maintain and disclose such PHI in strict compliance with HIPAA. This Protective Order shall authorize any producing party who is served with a document request or a subpoena requesting the production of documents or commanding attendance at a deposition, hearing or trial to disclose the PHI in response to such request or subpoena. This order is intended to authorize such disclosure under the privacy regulations issued pursuant to HIPAA.

The parties to this Protective Order are expressly prohibited from using or disclosing the PHI for any purpose other than in this litigation. Further, any party who comes into possession of PHI pursuant to this Protective Order is ordered to return or destroy such PHI (including all

copies made) immediately upon conclusion of this action pursuant to 45 C.F.R. § 164.512 unless required to be maintained by their malpractice carrier. Any documents filed with the Court that contain PHI shall be filed under seal and with PHI redacted on the computerized docket.

20. **Term Of The BCBS Protective Order.** The imposition of the terms by the Court is indicated by an order approving this Stipulated Protective Order. The terms are binding from the date this BCBS Protective Order is approved by the Court. The obligations imposed by this BCBS Protective Order shall survive the termination of the Action. **IT IS SO ORDERED:**

_____
Magistrate Judge Schenkier

DATE: 04/25/16