**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and the STATE OF ILLINOIS and the STATE OF IOWA, *ex rel.* DR. JAMES YOUN, | ) ) ) ) ) | Judge Sharon Coleman Magistrate Judge Schenkier |
| Plaintiffs, | ) ) | Case No.  10 C 5583 |
| v. | ) ) | |
| KEITH D. SKLAR, individually and FOOT FIRST PODIATRY, | ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO EACH DEFENDANT

Plaintiff-Relator, Dr. James Youn, by and through his attorneys, Robin Potter & Associates, P.C., and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and this Court's Standing Orders, directs that within thirty (30) days from the date of service of this First Request for Production that each Defendant *separately* produce each of the following documents at the office of Dr. Youn's attorneys.

## DEFINITIONS AND INSTRUCTIONS

The following instructions apply to Dr. Youn''s request to produce, Interrogatories, and to any additional or supplemental discovery served by Dr. Youn.

A.      "Dr. Youn" shall mean Relator Dr. James Youn.

B.      "You" and/or "your" or "Defendants" means the Defendants in this action, KEITH D. SKLAR, an individual, FOOT FIRST PODIATRY, or any successor entity or joint enterprise, along with any other person(s) or entity(ies) acting or purporting to act on either Defendant's behalf including, but not limited to, employees, directors, officers, managers,

supervisors, representatives, attorneys, contractors, consultants, agents, assigns, predecessors, successors, parent organizations, subsidiaries, affiliates, branches, divisions, and/or units or offices of Defendant.

C.     The "FCA" means the False Claims Act, 31 U.S.C. § 3729, *et seq*., as amended ("FCA"), and the ICFPA means the Illinois Insurance Claims Fraud Prevention Act ("ICFPA"), 740 ILCS 92/15(a).

D.     "Employee" means in its broadest sense and meaning any person who works or worked for Defendant or at any of Defendant's facilities, including any person Defendant suffered or permitted to work whether in the capacity as a regular, part time, full time or contract, employee; temporary or permanent, day laborer, employee of a staffing or employment agency, or person who held any other "employee", independent, consultant or similar status.

E.     "Document" and/or "documents" means all written or recorded material in any form, including but not limited to: reports, correspondence, notes, memoranda, calendars, diaries, minutes of meetings, working papers, directives, manuals, contracts, charts, graphs, drawings, instructions, agreements, phone records, data compilations, marketing materials, training materials, and material stored in any data storage system, including electronic formats, electronic mail, voicemail or textmail messages, facsimiles, telegrams, videotapes, audiotapes, photographs, magnetic tapes, computer discs (including floppy discs, hard discs, flash drives, CD's, DVDs and hard drives), all programming instructions, record layouts, and other material necessary for the retrieval of all electronic or word processing material, and printouts of data or information stored or maintained by electronic means.  Documents also include preliminary drafts or revisions, any attachments or

enclosures, as well as copies or duplicates that are not identical to the original because of additions, deletions, alterations or notations. Document is also defined to require the production of documents, such as distribution lists, that identify persons (including their addresses and telephone numbers) who receive the subject matter set forth in the individual specifications.

F.     "Document" also includes an original, master, copy, electronic copy, draft of preliminary notes for any other document, or any marginal comments appearing on any other document.

G.     Record layout, as used herein means any list of fields, categories or data maintained in or describing the layout of any electronic data or data base maintained or used by Defendant.

H.     To produce a "document" means to produce it in the original hard copy and electronic form(s) in which created, maintained, duplicated, distributed, as well as all copies of the document in the possession or control of Defendant(s), even if similar to the original. Dr. Youn reserves the right to inspect all original documents and requests that all such originals, in whatever format they were created or exist, be preserved and maintained. **Produce does not mean** to print, scan and produce, and such is contrary to the Federal Rules of Civil Procedure.

I.     "Communications" means all e-mails, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other form of exchange, whether oral or written.

J.     "Regarding," including its various forms such as "in regard to," "referring to," "relating to," "concerning," and "in connection with," means: consist of, refer to, reflect, or be in any way logically or factually connected with the matter discussed.

K.      Whenever appropriate, the singular form of a word should be interpreted in plural, and the plural form of a word should be interpreted in singular.  "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside the scope.

L.      "Identify," when used with respect to an individual, means to state the person's:

1.      Full name;
2.      Most recent home address and all known telephone / cell numbers;
3.      Social Security Number;
4.      Present business affiliation and position; and
5.      Past position and affiliation with any of the parties herein.

M.      "Identify," when used with respect to a company, department, agency or other similar entity, means to:

1.      State the entity's legal name and the names under which it operates;
2.      State its form (agency, corporation, municipal corporation, etc.);
3.      Identify its principal officers or directors; and
4.      State its address and telephone number.

N.      "Identify," when used with respect to a document, means to:

1.      State the date, author, addresses, type of document (e.g., "letter"); and
2.      Identify all persons to whom a copy or its contents have been distributed;
3.      Identify its last known custodian and location.

O.      "Identify," when used with respect to a communication, means to:

1.      State the substance of the communication;
2.      Identify the persons between or among whom the communication was made and/or distributed;
3.      Identify each person present when the communication took place;
4.      State the date, time and place (including an exact address) when the communication was made, and the manner in which it occurred (e.g., "meeting," "telephone"); and
5.      Identify each document in which such communication was recorded, described, or memorialized, in whole or in part.

P.     "Identify," when used with respect to a fact, or to the factual basis for an assertion, means to:

   1.     State the fact;
   2.     Identify all persons with personal knowledge of the fact; and
   3.     Identify all documents that support or negate the existence of the fact.

Q.     "Personnel file" or "personnel documents" means in the broadest sense any "file" or document or record that refers or relates to the Plaintiff or the person referenced, whether maintained "officially" by a personnel or human resources department or official and/or by one or more supervisors and/or co-workers, designated as a personnel file or some other name, and includes without limitation, all files, notes, data, electronic data, and documents as defined above.

R.     "Person" or "persons" means or refers to any individual, corporation, partnership, association, organization, and any other entity of all types and natures.

S.     "Relate to," including its various forms such as "relating to" means in any way to concern or to pertain to, whether directly or indirectly.

T.     Documents are to be numbered, and Defendant shall indicate its response which numbered documents are responsive to each particular request.

U.     If any document is claimed not to be in the possession or control of Defendant(s), state for each document, the reasons therefore; the date such document was last possessed in hard copy and/or electronic form; all persons who were in possession of the document and when; under whose authority and direction was the document no longer in possession of the persons; the present location and custodian of the document(s) and the identity of all persons with knowledge of the above subjects.

V.     Unless otherwise noted, the relevant time period for each request is: **January 2004 through the present**, and continuing through the date the case is fully resolved.

W.    With respect to any document that is withheld pursuant to a claim of privilege or redacted or modified in any manner or respect, a statement shall be prepared and signed by attorneys for Defendant(s) setting forth as to each such document or request the basis relied upon to excuse complete and un-redacted production of the document and:

1.    The name, address and position of the person(s) who possessed the document, and each copy of the document;
2.    The name(s) of the sender(s) of the document;
3.    The name(s) of the author(s) of the document;
4.    The name(s) of the person(s) to whom copies or the contents of the document were sent, communicated or exhibited;
5.    The date of the document;
6.    The date on which the document was sent;
7.    The date on which the document was received by those having possession of the document;
8.    The method(s) by which the document was sent (electronic mail, mail, facsimile, etc.); and
9.    A brief description of the nature and subject matter of the document.

## REQUESTED DOCUMENTS

1.    Any documents responsive to Plaintiffs' or Defendants' Rule 26(a)(1) Disclosures.

2.    Personnel file, as defined in Instruction "Q," above, of James Youn.

3.    Personnel files, as defined in Instruction "Q," above, of all employees, staff and/or independent contractors retained or otherwise employed to provide services on behalf of Defendants.

4.    Any and all documents reflecting the professional licenses and certifications or any suspension of the same, held by Defendants and all employees or independent contractors retained or otherwise employed to provide services on behalf of Defendants.

5.    All UPIN or identification numbers used by defendants to bill any carrier for services, and the identity of the provider using such UPIN number.

6.      All communications to and/or from Defendants or any person regarding the

following subjects:

      (a)     James Youn;
      (b)     Any complaint, dispute, concern or query regarding billings or charges for services provided by Defendants;
      (c)     Allegations of fraud;
      (d)     Allegations of overbilling;
      (e)     Allegations of upcoding, miscoding or improper documentation;
      (d)     The False Claims Act;
      (e)     This lawsuit;
      (f)      Patient scheduling;
      (g)     Medication or injection dosage;
      (h)     Private carrier or Government reimbursement.
      (i)     Destruction of documents, including but not limited to billing, medical, financial and personnel files and,
      (j)     Retention of documents, including but not limited to billing, medical, financial and personnel files.

7.      Documents referring or relating to any investigation or audit into the practices

described in Dr. Youn's Complaint.

8.      Documents referring or relating to any investigation or audit of Defendants'

facilities, patients or practices by any entity.

9.      Documents referring or relating to any warnings, citations, complaints,

suspensions, or any other action issued to or taken against Defendants by a municipal,

state, or federal government entity.

10.     Documents referring or relating to any warnings citations, suspensions, or

any other action issued to or taken against Defendants by private carriers.

11.     Complete tax returns, related exhibits and schedules submitted to the IRS

on behalf of Foot First Podiatry and/or Keith D. Sklar.

12.     Documents referring or relating in any way to Defendants' ownership

interests, or rights as a tenant, in any property at which Defendants provided patients with

any medical services.

13. Documents reflected the owners of any property at which Defendants provided patients with any medical services

14. Documents reflecting and all property owned by Defendants or in which defendants have a beneficial interest.

15. All marketing, advertising and informational material presented or provided to employees of 3-M company, John Deere or the Rock Island Arsenal.

16. All documents referring or relating in any way to injections given by Defendants, or employees or independent contractors of the same, including to the mother of employee Susan O'Keefe.

17. All pictures, drawings and blueprints of the interior and exterior of all facilities occupied or utilized by Defendants to provide medical services to patients.

18. Orders, both hard copy and electronic, submitted by Defendants for purchase of acid solution used for wart removal, Lidocaine, Cortisone, and Corticosteroid.

19. Any and all documents which describe Defendants policies, practices and/or protocols with respect to billing, including but not limited to the specific billing practices identified and described in the Complaint.

20. Any and all documents relating to training Defendants conducted or received in compliance with laws and regulations governing billing for services, including but not limited to those at issue in this case.

21. Any and all documents which describe defendants' policies, practices and/or protocols with respect to performing surgeries and procedures, including but not limited to the surgeries and procedures identified and described in the Complaint.

22. With respect to patients files produced pursuant to this Court's Order dated February 26, 2014 or any subsequent order:

a.    All billing documents generated and/or submitted;
    b.    All billing, payments and EOB's and correspondence.
    c.    Documents which refer to or itemize the deductibles and/or co-payments paid, not paid, or waived by each patients
    d.    All patient records, whether in hard copy or electronic, including SOAP and provider notes, including originals, copies and any alterations made to those notes by the Defendants
    e.    All bills or claims for reimbursement of services sent to any private or government payor, fiscal intermediary, or third party billing services, and any payments or responses thereto.

    23.    Any ledgers, spreadsheets, itemizations or other similar documents, whether hard copy or created and stored electronically, reflecting or itemizing Defendants' billings, claims, charges, payments and reimbursements received for services provided to patients.

    24.    All Fee Slips created in connection with any service for patients for whom documents are produced pursuant to this Court's Order dated February 26, 2014 or any subsequent order.

    25.    All records reflecting payments and reimbursements received or rejected from private insurance companies or government payors.

    26.    All accounts payable and receivables.

    27.    All communications with *Web It*, including but not limited to invoices, contracts and documents.

    28.    All communications with *Shred It*, including but not limited to invoices, contracts and documents.

    29.    Calendars, appointments, scheduling books and other similar documents, including which record or track patient appointments and visits and/or staff attendance.

    30.    All contracts and writings exchanged and/or communicated to, by and/or between Defendants and any government or private payor.

31.     All agendas, minutes, notes commemorating any meeting of the staff or owners or officers.

32.     All billing documents generated and/or submitted in connection with services provided by Dr. Youn.

33.     All patient files for any patient treated or observed by Dr. Youn which are not otherwise produced.

34.     All CMS claims forms submitted for to Medicare, Medicaid and/or private carriers for reimbursement of services provided to patients who's records are produced pursuant to this Court's Order of February 26, 2014 or any subsequent order.

35.     All Plan of Care documents for patients who's records are produced pursuant to this Court's Order of February 26, 2014 or any subsequent order.

36.     Any other billing or patient record, for patients who's records are produced pursuant to this Court's Order of February 26, 2014 or any subsequent order, relating to any allegation in the Complaint or in your Answer, not produced in response to the previous requests.

37.     Phone lists or other documents which list or identify any person who worked for Defendants in any capacity during the relevant time period.

38.     All personnel files of any staff, including but not limited to executives, administrative, professional and medical staff, full time, part time, temporary, permanent employees and independent contractors.

39.     Documents indicating the contact information (i.e., last know address, email address, and phone numbers) for any employee or independent contractor retained or otherwise employed to provide services on behalf of Defendants.

40.     All documents referring to or pertaining to advertisements issued by Foot First Podiatry, in publications, including but not limited to radio, television or on-line.

41.     All documents tendered to the government since 2000.

42.     All exhibits you intend to use at trial.

43.     Any documents consulted or reviewed in responding to Plaintiff's First Request for Interrogatories or to Plaintiff's Complaint, in preparing defendants' discovery issued to Plaintiff or Defendants' Rule 26 Disclosures.

44.     Any documents relating to any claim, defense or allegation in this suit not otherwise requested or produced.

Respectfully submitted,

By:     /s/ Robin Potter

One of Plaintiff's Attorneys

Robin Potter, Esq.                     Martin A. Dolan
Shankar Ramamurthy, Esq.              DOLAN LAW OFFICES, P.C.
ROBIN POTTER & ASSOCIATES, P.C.       10 South LaSalle Street, Suite 3712
111 East Wacker Drive - Suite 2600     Chicago, IL 60603
Chicago, IL 60601                      (312) 676-7600
(312) 861-1800                         mdolan@dolanlegal.com
robin@potterlaw.org

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned hereby certifies that a true and correct copy of the above and foregoing **PLAINTIFF'S FIRST REQUEST TO PRODUCE TO EACH DEFENDANT** was served upon the counsel listed below, by electronic mail, on this 7th day of March, 2014 and addressed as follows:

Harpreet Kaur Chahal
United States Attorney's Office (NDIL)
219 South Dearborn Street  - Suite 500
Chicago, IL 60604
(312) 353-1996


Heather A. Tullio
Office of the Attorney General, State of Illinois
Medicaid Fraud Control Unit
100 W. Randolph Street  - 12th Floor
Chicago, IL 60601
(312) 814-8750


Edward Genson
Law Offices of Edward M. Genson
53 West Jackson Boulevard, Suite 1420
Chicago, Illinois 60604


Sara R. McClain
Daniel C. Meenan, Jr.
Joseph R. Lemersal
Michael Kralovec
Kralovec Meenan LLP
53 West Jackson Boulevard, Suite 1102
Chicago, Illinois 60604

         /s/ Robin Potter
         Robin Potter

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America and the
State of Illinois ex rel.,
James Youn, M.D.,

                          Plaintiffs,

              v.

Keith D. Sklar, individually and
Foot First Podiatry, etc,

                          Defendants.

No.  10 cv 5583

Judge Sharon Coleman

Magistrate Judge Schenkier

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST TO PRODUCE DOCUMENTS

The Defendants, by their attorneys, KRALOVEC MEENAN, LLP, object and respond to the Plaintiffs' First Request for the Production of Documents, as follows:

1.     Any documents believed responsive to Rule 26(a)(1) requirements or as required under the Court's February 26, 2014 Order have been produced.

2.     There are no responsive documents.

3.     To the extent any such files exist, the documents are neither relevant to the subject matter of this litigation, nor likely to lead to the discovery of relevant or admissible evidence. If they exist, they would also contain information personal to non-parties who are not involved or potentially involved in any disputes in this litigation.

4.     Documents regarding professional licenses and certifications will be produced. There are no documents with regard to any suspensions.

5.     Documents will be produced.

6.    To the extent responsive documents exist they have been produced, either with the Defendants' Rule 26(a)(1) production or with the preliminary production made in accord with the Court's February 26, 2014 Order. Any responsive documents to subparagraphs (a) through (j) would be contained in the patient files or treatment notes. To the extent further or additional production of patient records is required by the Court, documents responsive to this request will also be contained in those patient records.

7.    There are no responsive documents.

8.    There are no responsive documents.

9.    There are no responsive documents.

10.    There are no responsive documents.

11.    Objection. The request is overly broad and unduly burdensome. Further, the request seeks documents which are neither relevant to the subject matters at issue, nor likely to lead to discovery of relevant or admissible information. The requested tax returns are not material to any allegation presently at issue.

12.    Objection. The request is unduly burdensome. Further, the request seeks documents which are neither relevant to the subject matters at issue, nor likely to lead to discovery of relevant or admissible information. The requested documents regarding ownership or tenancy of property are not material to any allegation presently at issue and are not reasonably calculated to lead to the disclosure of anything relevant.

13.    Objection. The request is unduly burdensome. Further, the request seeks documents which are neither relevant to the subject matters at issue, nor likely to lead to

discovery of relevant or admissible information. Additionally, the request as stated is essentially unintelligible.

14.     Objection. The request is unduly burdensome. Further, the request seeks documents which are neither relevant to the subject matters at issue, nor likely to lead to discovery of relevant or admissible information.

15.     To the extent any marketing, advertising or informational material is on hand, it will be produced. It is not typically saved.

16.     If this request refers to the mother of Melissa O'Keefe, there are no responsive documents. There is no "Susan O'Keefe" known to the defendants.

17.     There are no responsive documents.

18.     To the extent such documents still exist, they will be produced. Typically, such information is not maintained for long periods of time.

19.     Objection with respect to the request insofar as it refers to "specific billing practices identified in describing the Complaint". The defendants would have to speculate to attempt to understand the request. Any allegations of the Complaint in that regard are vague and non specific and are made in a factual vacuum. There are one hundred and eight paragraphs in the Complaint; the defendants have no knowledge as to what this request purports to relate to in that regard. There are no responsive documents with respect to independent billing policies, practices and/or protocols of the defendants. To the best of their knowledge they comply with all third party requirements in that regard.

20.     To the best of their knowledge, the defendants have complied with all

professional and other obligations with regard to laws and regulations governing billing for services. The defendants and their staff comply with all of their understood billing obligations to insurance carriers, payors and others. Inquiry as to such compliance can be the subject of deposition inquiry. There are no responsive documents.

21. There are no responsive documents.

22. To the extent that there are documents responsive to this request, subparagraphs (a) through (e) included, they are parts of the treatment notes and patient files which have already been provided, or which will be produced in accord with any subsequent court order.

23. To the extent that there are documents responsive to this request, they are included in the treatment notes and patient files which have already been provided, or which will be produced in accord with any subsequent court order.

24. To the extent that there are documents responsive to this request, they are included in the treatment notes and patient files which have already been provided, or which will be produced in accord with any subsequent court order.

25. To the extent that there are documents responsive to this request, they are included in the treatment notes and patient files which have already been provided, or which will be produced in accord with any subsequent court order.

26. Objection. The request is unduly burdensome. Further, the request seeks documents which are neither relevant to the subject matters at issue, nor likely to lead to discovery of relevant or admissible information. The requested documents regarding

isolated payable or receivables are not material to any allegation or claim presently at issue. To the extent that particular patients or payors were billed, what was billed, to whom it was billed and whether bills were paid or are outstanding should be in the patient files already produced, or which will be produced in compliance with any further order.

27. To the extent there are responsive documents, they will be produced.

28. To the extent there are responsive documents, they will be produced.

29. Objection. The request is unduly burdensome. Further, the request seeks documents which are neither relevant to the subject matters at issue, nor likely to lead to discovery of relevant or admissible information. Information with respect to patient appointments, visits and/or staff attendance, to the extent they exist, are already contained in the treatment notes and patient charts produced in accord with the Court's February 26, 2014 Order, and will be included in any additional patient records which may be produced in compliance with any further order. There were no hard copy type calendars maintained; that functionality is integrated electronically into the patient records and the information is reflected in them. To the extent that the system now in place can produce that sort of data efforts will be made to produce at least examples of what the scheduling function looked or looks like. The prior Altapoint system (not in place since late 2011 or early 2012) was never used to print out and such calendars, and it is not known whether that functionality even existed. The material which will be produced (without waiver of the objection) will reflect that in and of themselves, the calendar records are not germane to any issue in the case and will lead to nothing relevant to the claims asserted in the

Complaint that is not already in the patient files.

30.     The defendants object to the request in that it is overly broad and unduly burdensome. The request also seeks documents which are neither relevant to the subject matter of this litigation, nor likely to lead to the discovery of relevant or admissible information. Any relevant information with respect to this request (insofar as the vague and non specific request can be understood) would be contained in the treatment notes and patient files already produced, or which may be produced in response to any further order.

31.     There are no responsive documents.

32.     Any documents responsive to this request were produced with the defendants' Rule 26(a)(1) production.

33.     The defendants have no knowledge or information as to Dr. Youn's patient files aside from that which was produced with the defendant's Rule 26 production. Those are his Il Center for Sports Medicine files. Some of Youn's files may have been included with the defendant's corresponding patient files. As far as they are aware, there are no responsive documents other than those produced with their Rule 26(a)(1) production.

34.     To the extent that there are documents responsive to this request, they are included in the treatment notes and patient files which have already been provided, or which will be produced in accord with any subsequent court order.

35.     To the extent that there are documents responsive to this request, they are included in the treatment notes and patient files which have already been provided, or which will be produced in accord with any subsequent court order.

36.     This request is essentially unintelligible, particularly insofar as it asks for material "relating to any allegation in the Complaint or your Answer, not produced in response to the previous requests". The request calls for speculation and conjecture on the part of the defendants. The defendants have complied with all production required pursuant to the Court's February 26, 2014 Order and have produced Rule 26(a)(1) documents. They will continue to comply with any further court order regarding production of documents. To the extent "billing or patient record(s)" are involved, they are included in the patient files already provided or will be in any subsequent production required.

37.     There are no responsive documents.

38.     See the defendants' objections to request No. 3.

39.     This information, to the best of the defendants' current knowledge, has been provided in the Rule 26(a)(1) disclosures.

40.     See Response to request No. 15.

41.     Objection. The time frame, scope and the vague and ambiguous nature of the request is overly broad and unduly burdensome. What the plaintiff understands, "the government" to be or to include, is vague and ambiguous. The request is duplicative of several prior requests. The request does not reasonably seek documents which are relevant, or likely to lead to the discovery of relevant and admissible evidence - certainly as it is worded.

42.     Objection.  This request invades the attorney work product privilege. The

defendants will certainly comply with any of the court's pretrial order requirements at the appropriate time.

43.     Objection.  What documents were consulted or reviewed by the defendants' counsel in connection with client consultation and the preparation of discovery responses are matters covered by the attorney client communication privilege, and/or the attorney work product privilege. It is also safe for the plaintiff to assume that, without waiver of any privilege, in some form or fashion, the defendants and their counsel have referred to, considered or reviewed all of the documents produced in accord with Rule 26 obligations, the current court order and this response.

44.     Objection. This request invades the attorney work product privilege, to the extent it can be understood at all. The request is also essentially unintelligible, overly broad, unduly burdensome and it calls for total speculation and conjecture.

The defendants will continue to conduct their review and investigation into matters at issue and as to these requests. If further documents are located which may be responsive to the requests, they will be produced.

The documents produced in response to this request are Bates numbered FFP 000084 - 000588.

KEITH D. SKLAR, individually and FOOT FIRST PODIATRY, Defendants

By: _____
DANIEL C. MEENAN, JR., one of their attorney

Daniel C. Meenan Jr. #1876627
KRALOVEC MEENAN LLP
53 West Jackson Boulevard, Suite 1102
Chicago, Illinois  60604
(312) 788-1111

<u>PROOF OF SERVICE</u>

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned attorney certifies that he served the foregoing DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST TO PRODUCE DOCUMENTS on:

Martin A. Dolan, Esq.                 Robin Potter
DOLAN LAW OFFICES, P.C.               ROBIN POTTER & ASSOCIATES, P.C.
10 South LaSalle Street               111 East Wacker Drive
Suite 3712                            Suite 2600
Chicago, Illinois 60603               Chicago, Illinois 60601
e-mail: Mdolan@dolanlegal.com         e-mail: Robin@potterlaw.org

by having a copy delivered to Ms. Potter and mailed to the addresses indicated, via the U.S. Mail Chute at 53 West Jackson Boulevard, Chicago, Illinois on April 14, 2014.

DANIEL C. MEENAN, JR.

**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF ILLINOIS, *ex rel.* DR. JAMES YOUN, M.D. ) ) ) ) | Case No. 10 C 5583 |
| Plaintiffs, ) ) ) | Magistrate Judge Schenkier |
| v. ) ) | |
| KEITH D. SKLAR, individually and FOOT FIRST PODIATRY, ) ) ) ) | |
| Defendants. ) | |

<u>**PLAINTIFF'S SECOND REQUEST TO PRODUCE TO EACH DEFENDANT**</u>

Plaintiff-Relator, Dr. James Youn, by and through his attorneys and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and this Court's Standing Orders, hereby serves this Second Request for Production.  Responses are to answered *separately* by each defendant and delivered to plaintiff's attorneys within thirty (30) days from the date of service.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

Plaintiff reincorporates all definitions and instructions in his previous requests as if fully set forth herein.

<u>**REQUESTS DOCUMENTS**</u>

1.      All records and documents which Dr. Sklar had in his possession at his deposition on January 21, 2015, other than the four (4) files produced at the deposition, including all notations, highlights, notes, critiques, responses and commentary contained in or on the original document.

2.    All notations, notes, critiques, rewritings, commentaries and responses drafted by Dr. Sklar or defendants to:

(a)    Dr. Youn's Settlement Letter of November 20, 2014, and
(b)    Plaintiff's initial and Amended Complaints filed in this cause.

3.    All communications between defendants, Dr. Dockery and or/ Dr. Dockery's Office.

4.    All billing instructions and all manuals tendered to defendants by any carrier, or used in his practice for billing.

5.    All billing protocols followed by defendants from 2005 through the present.

6.    All coding and billing manuals and instructions in the possession of or used by defendants from 2005 through the present.

7.    Any and all audits involving defendants.

8.    All communications between defendants and Shred It.

9.    All communications between defendants and any document destruction entity.

10.    All communications regarding defendants' notice of the filing of this lawsuit, including but not limited to the date and manner of notice.

Respectfully submitted,

By:    /s/ Robin Potter
One of Plaintiff's Attorneys

Robin Potter, Esq.                          Martin Dolan Esq.,
ROBIN POTTER & ASSOCIATES, P.C.            MARTIN S. DOLAN, P.C.
111 East Wacker Drive - Suite 2600         10 S. LaSalle Street, Suite 3712
Chicago, IL 60601                          Chicago, IL 60603
(312) 861-1800                             mdolan@dolanlegal.com
robin@potterlaw.org                        312-676-7600

-2-

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing **PLAINTIFF'S SECOND REQUEST TO PRODUCE TO EACH DEFENDANT** was served upon the counsel listed below, by electronic mail, on this 11th day of March, 2015 and addressed as follows:

Harpreet Kaur Chahal, Esq.
United States Attorney's Office
219 South Dearborn Street  - Suite 500
Chicago, IL 60604
(312) 353-1996

Harpreet K. Khera, Esq.
Elizabeth Morris, Esq.
Special Litigation Bureau
Office of the IL Attorney General
100 W. Randolph St., 11th Floor
Chicago, IL 60601

Edward Genson, Esq.
Law Offices of Edward M. Genson
53 W. Jackson Blvd., Ste. 1420
Chicago, Illinois 60604

Daniel C. Meenan, Jr. ,Esq.
Michael Kralovec, Esq.
Kralovec Meenan LLP
53 W.  Jackson Blvd, Ste. 1102
Chicago, Illinois 60604

/s/ Robin Potter
Robin Potter

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

MAR 3 0 2015

ROBI. : POTTER &
ASSOCIATES, P.C.

United States of America and the
State of Illinois ex rel.,
James Youn, M.D.,

                              Plaintiffs,

        v.

Keith D. Sklar, individually and
Foot First Podiatry, etc,

                              Defendants.

No.  10 cv 5583

Magistrate Judge Schenkier

## DEFENDANTS' RESPONSES TO
## PLAINTIFFS' SECOND REQUEST TO PRODUCE DOCUMENTS

The Defendants, by their attorneys, KRALOVEC MEENAN, LLP, respond to the

Plaintiffs' Second Request for the Production of Documents, as follows:

1.      All of the professional literature (assumed to be what is referred to as "the

four files") was copied by the plaintiff during the deposition. All other material on hand

consisted of the hard copy patient files for the sixteen patients who were identified by the

plaintiff as subjects of that initial deposition. As such, that material has already been

produced to and copied by the plaintiff. No other material was in Sklar's possession at the

deposition.

2.      There are no responsive documents.

3.      To the extent any such communications exist, they were contained in the

heel pain file that was copied by the plaintiff at Sklar's deposition.

4.      There are no responsive documents. As has been explained to the plaintiff's

counsel on several occasions, there are no written instructions or manuals provided. CPT codes are universal as to treatment provided. On a patient-by-patient basis, insurance providers are contacted to determine the specific benefits provided under any given patient's insurance plan, and to determine what that particular insurer does or does not cover with regard to the services or treatment rendered.

5.      There are no responsive documents. See Response number 4 as well.

6.      There are no responsive documents. See Response number 4 as well.

7.      There are no responsive documents.

8.      Invoices from December 2010 and October 2013 have been subpoenaed or provided. There are no other responsive documents.

9.      There are no responsive documents.

10.     The defendants were served with a Summons and the Complaint on or about December 5th and 9th, 2013, respectively. They turned that material over to their counsel. There are no responsive documents.

KEITH D. SKLAR, individually and FOOT FIRST PODIATRY, Defendants

S/ Daniel C. Meenan Jr.

By: _____
DANIEL C. MEENAN, JR., one of their attorney

Daniel C. Meenan Jr. #1876627
KRALOVEC MEENAN LLP
53 West Jackson Boulevard, Suite 1102
Chicago, Illinois  60604
(312) 788-1111

<u>PROOF OF SERVICE</u>

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned attorney certifies that he served the foregoing **DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND REQUEST TO PRODUCE DOCUMENTS** on:

Martin A. Dolan, Esq.                    Robin Potter
DOLAN LAW OFFICES, P.C.              ROBIN POTTER & ASSOCIATES, P.C.
10 South LaSalle Street                  111 West Wacker Drive
Suite 3712                               Suite 2600
Chicago, Illinois 60603                  Chicago, Illinois 60601
e-mail: Mdolan@dolanlegal.com            e-mail: Robin@potterlaw.org

by having a copy e mailed to the addresses indicated, before 5:00 p.m. on March 30, 2015.

S/ Daniel C. Meenan Jr.

_____
DANIEL C. MEENAN, JR.

DefResp2ndRFP

3